UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SAMANTHA GONZALES wife of/and                CIVIL ACTION
THOMAS GONZALES

VERSUS                                        NO: 10-2759

WINN-DIXIE MONTGOMERY, LCC                    SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Winn-Dixie Montgomery, LLC's ("Winn-Dixie") *ex parte* motion for review and non-disclosure of evidence.[1] The Court GRANTS the motion insofar as defendant requests an *in camera* review of the evidence, and following review of that evidence, DENIES defendant's request to withhold disclosure.

**I.   BACKGROUND**

This case arises out of an alleged slip and fall incident at the Chalmette Winn-Dixie store on July 5, 2009. In her complaint, plaintiff alleged that she sustained significant personal injuries, disability, and loss of enjoyment of life as a result of the accident.[2]

---

[1]   Defendant filed the motion with the Court on September 15, 2011, but did not serve opposing counsel for reasons discussed *infra*.

[2]   R. Doc. 1-2 at 2.

According to defendant, plaintiff testified at her deposition on February 17, 2011 regarding the pain that she has experienced since the accident, and the impact that the accident has had on her life. After that deposition, Winn-Dixie hired an investigator who recorded plaintiff's activities on March 8, 2011, Mardi Gras Day. Defendant wishes to use this surveillance video as impeachment evidence, should plaintiff testify at trial as to the negative impact the accident has had on her life. Defendant asks for the Court's permission to withhold the existence of this surveillance video from opposing counsel in order to avoid influencing plaintiff's trial testimony.

## II.  DISCUSSION

**Motion for *in camera* review**

The Pre-Trial Notice for this Court includes the following:

> Prior to the confection of the pre-trial order, the parties shall meet, exchange copies of all exhibits, and agree as to their admissibility. As to any exhibits to which the parties cannot agree, memoranda shall be submitted on or before five working days prior to trial . . . . If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may *ex parte* request a conference with the Court and make his position known to the Court in camera.

The Court grants defendant's motion for *in camera* review of the submitted evidence.

**Motion seeking non-disclosure**

    Federal Rule of Civil Procedure 26(a)(3) provides for pretrial disclosure of certain information concerning evidence that will be presented at trial, unless that evidence is to be used "solely for impeachment purposes." Addressing the discoverability of video surveillance as impeachment evidence, the Fifth Circuit adopted a narrow interpretation of "solely": regardless of the video's impeachment value, it must be disclosed to opposing counsel prior to trial if it has any substantive value. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993). *See also Broadus v. CSX Transp., Inc.*, 2009 WL 1402025, at *4 (E.D. La. 2009); *Smith v. Surjaamadja*, 2003 WL 21790196, at *1 (E.D. La. 2003). "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." See *Chiasson*, 988 F.2d at 517 (citing John P. Frank, *Pretrial Conferences and Discovery - Disclosure or Surprise?*, 1965 INS. LAW. J. 661, 664 (1965)). Thus, evidence tending to prove or disprove the severity of plaintiff's pain and her loss of enjoyment of life, important issues for the jury to consider in determining damages, must be considered substantive evidence. *See id. See also Alfortish v. Shoney's, Inc.*, 1994 WL 449415, at *2 (E.D. La. 1994) ("[A]ny witnesses who shall testify regarding the plaintiff's physical condition, or any photographs or videotapes depicting same, must

3

be disclosed prior to trial, as the evidence has bearing on the substantive issues to be decided by the factfinder.").

After reviewing the evidence *in camera*, the Court finds that the video is of a substantive nature. Plaintiff claims injuries to her "back, neck, head, shoulder, arm, psyche, and other parts of her body," and claims to have experienced pain and suffering, disability, and loss of enjoyment of her life.[3] She has also alleged loss of past income and a diminution in her future earning capacity as a result of the fall.[4] The surveillance video depicts plaintiff watching the Mardi Gras parades over a period of several hours. During this time, she repeatedly reaches both arms up above her head and toward the passing floats, and walks briskly among friends. She is seen squatting at one point for several seconds, and at another, dancing casually.

The Court finds that this evidence goes to substantive issues in the case, including the severity of the pain and the extent to which plaintiff has lost her ability to enjoy normal activities. As such, defendant must disclose the existence of the video in accordance with Federal Rule of Civil Procedure 26 and all applicable local rules.

---

[3]     R. Doc. 1-2 at 2.

[4]     *Id.* at 3.

**III. CONCLUSION**

For the foregoing reasons, defendant's motion for *in camera* review of and non-disclosure of evidence is GRANTED in part, and DENIED in part. It is ordered that the motion become part of the record in this case.

New Orleans, Louisiana, this 22nd day of September, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE